[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JURY COMMUNICATION
This is a request for communication with jurors filed by the plaintiffs after a defendant's verdict. The trial lasted many weeks and a verdict was returned for the defendant after relatively short period. Immediately after the trial with the court's permission both counsel talked briefly to the jury. At the hearing on the present motion the following was represented to the court:
 One of the jurors told counsel that the jury suspected something else was going on here or some other matter was what was really involved in CT Page 12741 the dispute but the jury did put all that aside and decided the case solely on the evidence.
Plaintiffs' counsel wants permission to interview the jury foreperson to ascertain what this extraneous item was so that it could be determined if this case was fairly decided on the evidence presented in court.
Preliminary the defendant claims the plaintiffs have waived their right to file this motion because they already had one opportunity to speak with the jurors. I don't accept the waiver claim. Plaintiff's counsel quite soon after the verdict contacted the court clerk and indicated he wished to file a motion for permission to communicate with jurors. It would probably have been inappropriate to continue further questioning without bringing the matter to The court's attention and counsel for the plaintiffs filed this motion relatively soon after the verdict.
The point here is that the court did allow both counsel to talk to the jury. That discussion raised a specific point of concern to the plaintiffs which their lawyer has articulated on the record. The question really is whether under the peculiar facts of this case given the statement by the juror, the court has any duty to investigate this matter. If the court does the court itself should conduct any further inquiry in the presence of counsel. If there is no good reason for the court to conduct any inquiry then there should be no "good cause" under P.B. § 309A for plaintiff's counsel to contact the jury by himself or with co-counsel. In other words jurors have an interest in finality too and double layers of fact investigation will only lead to confusion, contradictory testimony and raise the possibility of harassing jurors who have done their duty. Certainly it wouldn't be appropriate here, where the cause for concern is adequately defined, to allow counsel to conduct an inquiry, then if it is claimed information helpful to the plaintiffs is developed to require that juror be summoned to a new and separate hearing before the judge.
In a fairly recent federal case the court said:
 The trial court has broad discretion as to how to proceed when confronted with an allegation of CT Page 12742 jury misconduct, including discretion with regard to the initial decision as to whether to interrogate jurors. Cases dealing with the degree of investigation required fall along a continuum focusing on two factors: the certainty that some impropriety has occurred and the seriousness of the accusation. . . . The more speculative or unsubstantiated the allegation of misconduct the less burden there is to investigate; the more serious the potential jury contamination, especially where alleged extrinsic influence is involved, the heavier the burden to investigate."
U.S. v. Ayanza-Garcia, 819 F.2d 1043, 1051 (CA 11, 1987). Also see U.S. v. Caldwell, 776 F.2d 989,998 (CA 11, 1985), U.S. v. Campbell, 684 F.2d 141,151 (CA, D.C., 1982).
As said in Campbell only in extraordinary circumstances will courts inquire into the deliberative process of juries and "ordinarily, a verdict will not be upset on the bases of a juror's post trial report of what occurred in the course of deliberations", 684 F.2d at 141. The court goes on to say the single exception concerns "extraneous influence" and quotes from U.S. v. Wilson,534 F.2d 375, 378 (CA DC, 1976), cf State v. Ripley, 32 Conn. App. 21, (1993), State v. Rodriguez, 210 Conn. 315, 319
(1989). There is no real claim of extraneous influence here as that term is defined in the cases — no publicity has been received by the jurors and discussed in the jury room, there is no indication that specific evidence was considered that was not received in court, no claim is made there have been communications between jurors and third persons. Any allegation of extraneous influence based on the juror statement here would be completely speculative. In such a situation the court is really being asked to look into the mental processes by which the jury has reached its verdict, Allan v. State, 168 Conn. 541, 549 (1975), Esaw v.Friedman, 217 Conn. 553, 565 (1991). Whatever the matter referred to by this juror may have involved in the presence of the other jurors this juror said we based our decision on the evidence. There has been nothing brought to the court's attention to indicate that other jurors by word or act differed from this conclusion when it was made or that CT Page 12743 the juror who stated it did not believe it was true.
Under these circumstances there is not good cause for the court to conduct its own investigation or permit counsel to do so.